# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO.** 1:11-CV-11997-JGD

---

|  |  |
|---|---|
| **MARIA BARBOSA, HENRIQUETA BARBOSA,** | ) |
| **MANUEL BARBOSA and ANGELA BARBOSA,** | ) |
| **Plaintiffs** | ) |
| **vs.** | ) |
|  | ) |
| **WILLIAM K. CONLON IN HIS CAPACITY AS, CHIEF OF** | ) |
| **POLICE FOR CITY OF BROCKTON, MA, THOMAS** | ) |
| **HYLAND, BRYAN MAKER, JESSE DRANE, KENNETH** | ) |
| **LOFSTROM, BRIAN DONAHUE, STEVEN E. JOHNSON,** | ) |
| **MARK CELIA, MICHAEL DUBE, FRANK BAEZ,** | ) |
| **ANTHONY GIARDINI, EMANUEL GOMES,** | ) |
| **LEON MCCABE AND JOHN DOE 1-3,** | ) |
| **Defendants** | ) |

---

## FIRST AMENDED COMPLAINT

### Statement of the Case

This action is to redress the deprivation of rights, privileges and immunities secured to Plaintiffs, Maria Barbosa, Henriqueta Barbosa, Manuel Barbosa and Angela Barbosa by provisions of the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, the Massachusetts Civil Rights Act and state tort law.  In this action Plaintiffs seek recovery of compensatory and punitive damages as such may be recoverable under 42 U.S.C. §1983, M.G.L. c.12 §11I, and Massachusetts common law for conduct by City of Brockton police officers that deprived the Plaintiffs of their rights, privileges, and immunities secured and protected by the Constitution and laws of the United States of America and the Commonwealth of Massachusetts.

In summary, in November 2008, the uniformed officers of the Brockton Police without warning or warrant invaded the Plaintiffs' private family home during a family gathering and

once inside verbally and physically assaulted family members, berated them with racial epithets, and then falsely arrested and imprisoned Henriqueta and Angela.  Further, when Maria went to the police station later that evening to try to bail out her mother and sister, she was severely beaten by Officer Steven Johnson. Further, upon information and belief, the defendant Brockton Police Department through its Chief of Police William K. Conlon has tolerated the conduct described in this Complaint through a pattern or practice of his failure to hire, supervise, train and discipline police officers adequately, and failure to root out racial animus within the Brockton Police Department.  As such, the Plaintiffs suffered and continue to suffer mentally, emotionally, and physically due to the improper search of their home, excessive force, false arrests and assault and battery committed by Defendants.

## Parties

1.      Plaintiff Maria Barbosa (Maria) is an adult and resident citizen of 22 Leavitt Street, Brockton, MA 02301 and a citizen of the United States.   At the time of this incident, Maria was a twenty-one year old woman of slight stature, standing only approximately five feet tall and weighing approximately 110 lbs.

2.      Plaintiff Henriqueta Barbosa (Henriqueta) is an adult and resident citizen of 22 Leavitt Street, Brockton, MA 02301 and a citizen of the United States. Henriqueta is the mother of plaintiffs Maria Barbosa and Angela Barbosa. At the time of this incident, Henriqueta was a fifty year old woman of slight stature, standing only approximately five feet tall.

3.      Plaintiff Manuel Barbosa (Manuel) is an adult and resident citizen of 22 Leavitt Street, Brockton, MA 02301 and a citizen of the United States. Manuel is married to Plaintiff Henriqueta Barbosa and the father of plaintiffs Maria Barbosa and Angela Barbosa.

4.     Plaintiff Angela Barbosa (Henriqueta) is an adult and resident citizen of 231 Tremont Street, Apt. 2 Rear, Taunton, MA 02780 and a citizen of the United States. At the time of this incident, Angela was a nineteen year old woman of slight stature, who just one week prior had given birth by caesarean section.

5.     Defendant, William K. Conlon, is a resident of the State of Massachusetts and is and always has been at all time pertinent to this action, the Brockton Police Department (BPD) Chief of Police, and is responsible for the administration, operation and supervision of  the BPD. As such, included within his duties are the promulgation and enforcement of rules, regulations, policies and practices relevant to the BPD. Defendant Conlon has a current business address of 7 Commercial Street, Brockton, MA 02302.

6.     Defendant Thomas Hyland is a resident of the State of Massachusetts and is and always has been, at all times pertinent to this action, a Brockton Police Officer with a current business address of 7 Commercial Street, Brockton, MA 02302.

7.     Defendant Bryan Maker is a resident of the State of Massachusetts and is and always has been, at all times pertinent to this action, a Brockton Police Officer with a current business address of 7 Commercial Street, Brockton, MA 02302.

8.     Defendant Jesse Drane is a resident of the State of Massachusetts and is and always has been, at all times pertinent to this action, a Brockton Police Officer with a current business address of 7 Commercial Street, Brockton, MA 02302.

9.     Defendant Kenneth Lofstrom is a resident of the State of Massachusetts and is and always has been, at all times pertinent to this action, a Brockton Police Officer with a current business address of 7 Commercial Street, Brockton, MA 02302.

10.     Defendant Brian Donahue is a resident of the State of Massachusetts and is and always has been, at all times pertinent to this action, a Brockton Police Officer with a current business address of 7 Commercial Street, Brockton, MA 02302.

11.     Defendant Steven Johnson is a resident of the State of Massachusetts and is and always has been, at all times pertinent to this action, a Brockton Police Officer with a current business address of 7 Commercial Street, Brockton, MA 02302.

12.     Defendant Frank Baez is a resident of the State of Massachusetts and is and always has been, at all times pertinent to this action, a Brockton Police Officer with a current business address of 7 Commercial Street, Brockton, MA 02302.

13.     Defendant Anthony Giardini is a resident of the State of Massachusetts and is and always has been, at all times pertinent to this action, a Brockton Police Officer with a current business address of 7 Commercial Street, Brockton, MA 02302.

14.     Defendant Emmanuel Gomes is a resident of the State of Massachusetts and is and always has been, at all times pertinent to this action, a Brockton Police Officer with a current business address of 7 Commercial Street, Brockton, MA 02302.

15.     Defendant Leon McCabe is a resident of the State of Massachusetts and is and always has been, at all times pertinent to this action, a Brockton Police Officer with a current business address of 7 Commercial Street, Brockton, MA 02302.

16.     Defendant Michael Dube is a resident of the State of Massachusetts and is and always has been, at all times pertinent to this action, a Brockton Police Officer with a current business address of 7 Commercial Street, Brockton, MA 02302.

17.     Defendant Mark Celia is a resident of the State of Massachusetts and is and always has been, at all times pertinent to this action, a Brockton Police Officer with a current business address of 7 Commercial Street, Brockton, MA 02302.

18.     Defendant Officers John Doe 1- 3 are residents of the State of Massachusetts and are and always have been, at all times pertinent to this action, Brockton Police Officers with a current business address of 7 Commercial Street, Brockton, MA 02302

19.     At all relevant times, Defendants acted under color of state law.

## Jurisdiction

20.     Jurisdiction and venue are invoked pursuant to 28 U.S.C. §1331, and civil rights jurisdiction under 28 U.S.C. §1343. The asserted rights and interests of the Plaintiff exceed $75,000.00, exclusive of interests and costs. The substantive claims in this action arise under 42 U.S.C §1983, and the First, Fourth, Eight, and Fourteenth Amendments of the United States Constitution.  All state claims are pendent to the federal claims.

21.     Venue is proper in the Eastern Division of the District of Massachusetts pursuant to 28 U.S.C § 1391, as the defendants reside in and claim arose in the Eastern Division of the District of Massachusetts.

## Factual Background

22.     On Saturday, November 15, 2008, the Barbosa family gathered at the home of Henriqueta and Manuel Barbosa, located at 22 Leavitt Street in Brockton, MA (hereinafter, "the Barbosa home") for a Sete.  A Sete is a Cape Verdean tradition in which family members gather for a celebration seven days after the birth of a child.

23.     The November 15, 2008 Sete was held to celebrate the birth of Jezmany Andrade, ("Baby Jezmany") Henriqueta's grandson born to her daughter Angela, by caesarean section a week prior the celebration.

24.      Approximately fifteen family members gathered to celebrate the Sete, of which approximately seven were children under the age of nine years old.

25.     During the Sete some of the family members came and went but all of the festivities were conducted inside the Barbosa home.   By approximately 11:00 P.M., the following adult family members were gathered in the kitchen: Henriqueta, Fashto Juana (uncle), Antonio (uncle), John (baby Jezmany's father), Angela, Nildee (aunt), and Tony (uncle). Also present in the kitchen at that time were Telma (nine years old), Giovanni (eight years old) and Dovanti (seven years old).

26.     Manuel and the four younger children were soundly sleeping in an adjoining bedroom.

27.     At sometime after 11:00 P.M. Henriqueta saw two police offers standing just inside the back door of her home, near the kitchen.

28.     Henriqueta was surprised to see these officers, later identified as Hyland and Donahue, as she had not consented to their entrance into her home and the officers had not knocked or announced prior to entering.   No warrant had been issued in support of any entry by any police officer into the Barbosa home.

29.     Without a warrant, consent or exigent circumstance Hyland immediately made his way upstairs to where Henriqueta's son and his cousin were playing music. Hyland asked the men to turn off the music and they immediately complied.

30.     Family members were shocked that the officers claimed to be responding to a complaint of loud music given that the music was not loud, as further evidenced by the fact that young children were sleeping undisturbed inside the home.

31.     The initial responding police officers remained on the premises as additional officers arrived on the scene and illegally entered the Barbosa home, including Officer Dube, Officer Drane, Sergeant Celia, Sergeant Lofstrom, and Sergeant Maker.

32.     Without any justification whatsoever, the officers vehemently demanded to inspect each individual's identification. While still confused as to what was occurring, the family members complied and explained to the officers that they had gathered at the residence to celebrate the birth of a child in the family.

33.     The family members then questioned the officers as to the officers' right to enter the private home unannounced, without consent, and without a warrant. Further, the family questioned why the police remained in the residence, even after the Barbosas' immediate compliance with their demand to turn the music off.

34.     The police officers became enraged with the Barbosas' line of questioning and began to taunt the family with derogatory and racist names such as "bitches," "dump hoes," "immigrants."

35.     Additionally, the officers made inflammatory statements to the family members including but not limited to, "immigrants go back to your country" and "we (the officers) have the right to do whatever we want and you can't do anything about it," while condescendingly laughing at Henriqueta, Manuel and Angela and the other family members present.

36.     The officers illegally ordered that all of the adults in the kitchen leave the Barbosa home. This included the homeowners Henriqueta and Manuel, and the new parents, John and

Angela, who were staying with Henriqueta and Manuel in the home, while Angela recovered from her recent caesarean section.

37.     Compliance with the officers' demands to leave the home required John and Angela to leave their sleeping newborn and young daughter alone without adult supervision.

38.     Henriqueta, in her broken English, attempted to explain to the police officers the need for adults to remain in the home and supervise the young children; however, the officers completely disregarded her plea and forced all of the adults to vacate the premises.

39.     Henriqueta became emotional and upset, as she was unable to understand why the officers were forcing the family out of their home and assaulting them.

40.     Apparently, angered by Henriqueta's questioning Hyland grabbed Henriqueta and threw her violently against the wooden closet door.  Hyland then lifted up Henriqueta, carried her outside, and threw her onto the wooden porch.

41.     When Angela objected to Hyland's brutalization of her mother, she was violently shoved against the stove by Drane and dragged by her hair through the kitchen to a parked police cruiser outside.

42.     Angela immediately felt immense pain emanating from her scalp and, also noticed with terror that her caesarean scar was now bleeding.

43.     As Angela protested, Drane ordered her to "shut the fuck up!"

44.     Angela was then immediately placed under arrest, without being informed of any charges against her and forced into the back of the police cruiser, for no reason other than that she dared to question the police assault on her family.

45.     Drane's attack on Angela caused her hair to fall out.

46.     During Drane's violent attack on Angela, officers shouted derogatory names such as "bitch" and insults such as "when are you going to lose your baby weight?" to Angela.

47.     Once at the station, the defendants concocted phony charges against Angela in an illegal effort to justify their assault on the Barbosa family. Angela was charged with Assault and Battery with a Dangerous Weapon, Interfering with Police Officer in Performance of Duty, Intimidating a Witness, Disorderly Conduct, Inciting a Riot, and Resisting Arrest. These charges were fictitious, and a pretext for the unlawful entry and unlawful arrest described herein.

48.     Henriqueta also was placed under false arrest at approximately the same time as Angela.  Henriqueta was charged with Assault and Battery with Dangerous Weapon, Disorderly Conduct, Disturbing the Peace, Interfering with a Police Officer, and Resisting Arrest. These charges were fictitious, and a pretext for the unlawful entry and unlawful arrest described herein.

49.     Without just cause or justification the defendants ordered Manuel and all other adults to leave the Barbosa home and property without regard to the fact that there were unattended small children and a sleeping infant inside.

50.     The actions of the defendants in forcing the adults out of the home caused all seven of the young children, including the newborn, to be left without adult supervision.

51.     One of the children used Henriqueta's cell phone to call Henriqueta's daughter/Angela's sister, Maria Barbosa, who had left the home earlier in the evening, and was not present during the home invasion by the Brockton police.

52.     Upon learning what had happened, Maria went to the Brockton Police Station with her sister Nilda and a friend.

53.     At the station, Maria and the friend sat down, while Nilda went to speak with Defendant Officer Steven Johnson at the front desk.

54.     Officer Johnson informed the sisters that Henriqueta and Angela would be released that night, but not for another half hour.

55.     Nilda questioned the police officer as to what had happened earlier in the night; however, Officer Johnson ignored the question and simply stated, "I told you, you can come back in a half hour."

56.     While at the police station, Angela and Henriqueta were handcuffed to each other. The police continually mocked the women as they waited to be booked, calling them more racist and derogatory names and denying them much-needed medical attention.

57.     Maria, knowing that her sister had recently had a child and of the violent intrusion that took place, requested that an ambulance be called to aid her injured mother and sister. Officer Johnson refused.

58.     Maria requested the badge numbers of all of the police officers that had been at her parents' home during the incident.  Johnson, angered by Maria's inquiry, refused to supply the sisters with any information.

59.     Officer Johnson demanded that Maria and Nilda leave the police station and return in a half hour to retrieve Henriqueta and Angela.

60.     Maria, concerned about leaving her relatives in police custody after what had happened, insisted on waiting quietly in the police station.

61.     This enraged Officer Johnson, who then came out from behind the front desk screaming, "You stupid bitch! I told you to leave!"

62.     Shocked, Maria tried to walk out of the police station and Johnson forcefully pushed her to the exit.

63.     Once outside, Johnson closed his fist and swung three times at Maria. As Maria attempted to protect herself by shielding her face with her hands, Johnson struck Maria once in the hand.

64.     As Maria tried to protest this vicious beating, Johnson immediately grabbed Maria by both of her hands and violently dragged her into the police station.

65.     As she was being dragged, Maria saw several police officers run out from behind the counter towards her.

66.     Johnson got behind Maria, who is approximately five feet tall and weighs approximately one hundred pounds, slammed her down onto a metal bench in the front lobby, and handcuffed her.

67.     Maria, who suffers from asthma, attempted to lift her head, as she was unable to breathe due to Johnson's weight on top of her. Johnson then grabbed Maria's head and slammed it on the metal bench and struck her in the face again with a closed fist, resulting in severe lacerations to Maria's face. Satisfied with his brutalization of Maria, Johnson left and did not return to Maria's sight that evening.

68.     After the brutal attack by Johnson, Maria called the police officers "woman beaters." To which another officer replied, "You don't want it to happen again…" and "Shut the fuck up or that will happen to the other side of your face."

69.     Henriqueta, Angela and Maria were all subjected to constant berating, harassment, and abuse, while being booked and held at the police station.

70.     One officer taunted the women with food, saying "You can't eat this," while laughing.

71.     Another officer repeated ugly and aggressive racist remarks such as, "I hate you people… Cape Verdean people."

72.     Maria was called an "animal" and told "your president is black and look who we have."

73.     As the plaintiffs languished under the continued verbal racist assault, there was a shift change at the police station. Maria stated to an unidentified gray haired officer with a mustache, that "your friend did this to me." The officer immediately looked over at another police officer and just shook his head, as though not surprised.

74.     Nilda called for an ambulance, but the ambulance was intercepted and cancelled by the police officers.

75.     A female officer later called for EMTs to come and examine the three women, and an ambulance eventually arrived.

76.     Maria, who was very healthy prior to this incident, suffered severe trauma to her eye during Johnson's assault. She continues to suffer from severe headaches/migraines and facial twitching, as a result of the beating administered by Officer Johnson, which has greatly impacted and compromised her college studies and abilities in the workplace.

77.     Henriqueta has a packing job and due to injuries to her shoulders and arms, as a result of her illegal arrest she was out of work for two weeks and suffered from other physical and emotional injuries.

78.     The illegal police action caused Angela to bleed from her caesarean section and required immediate attention from her doctor. Angela was placed on strong pain medication to help her cope with immense pain caused by the injuries inflicted upon her by the defendants.

79.     Maria, Angela, and Henriqueta all suffered physical and emotional harm with objective physical manifestation as a result of the illegal and violent actions of the defendants.

80.     Manuel Barbosa, though not physically harmed during the police officers' attacks, continues to suffer from severe mental and emotional injuries, resulting from the attack on his wife and daughters, with objective physical manifestation.

## COUNT I
## VIOLATION OF 42 U.S.C. §1983-
## HYLAND, DONAHUE, CELIA, MAKER, LOFSTROM, DRANE AND DUBE

81.     Plaintiffs hereby reassert all allegations of Paragraphs 1-80 above as if fully set forth again herein.

82.     In their capacities as police officers for the BPD and while acting under color of state law, defendants Hyland, Donahue, Celia, Maker, Lofstrom, Drane and Dube responded to a minor noise violation at the Barbosa home and acted with excessive use of force, and with intentional, reckless, callous and deliberate indifference to well-known, basic human and legal rights of the plaintiffs, Henriqueta, Manuel and Angela Barbosa. The officers entered the Barbosas' private home residence without a warrant and without consent, where they harassed and berated Henriqueta, Manuel, and Angela with racist epithets, unlawfully placed Henriqueta and Angela under arrest without cause, thereby using force beyond what a reasonable police officer would deem necessary to bring Henriqueta and Angela into custody under the circumstances, and forced Henriqueta, Manuel, and Angela out of their home. Defendants' actions caused deprivation of plaintiffs' rights, privileges and immunities secured by Article XXVI of the Massachusetts Declaration of Rights, M.G. c. 265 §22, Massachusetts common law and the Fourth, Fifth and Eighth Amendments to the United States of Constitution, all in violation of 42 U.S.C. §1983.

83.     The 42 U.S.C. §1983 violations by Hyland, and/or Donahue, and/or Celia, and/or

Maker, and/or Lofstrom, and/or Drane and/or Dube as more fully set forth above were the

proximate cause of severe damage to plaintiffs including bodily injury, lost earning capacity,

extreme mental anguish, emotional harm and humiliation, with physical manifestations, extreme

anxiety and the loss of rights secured to them by the aforementioned state and federal

constitutions and laws.

WHEREFORE, Henriqueta, Manuel, and Angela demand judgment against Defendants

Hyland, Donahue, Celia, Maker, Lofstrom, Drane and Dube jointly and severally in an amount

sufficient to compensate them adequately and fairly for their damages as set forth above,

together with punitive or exemplary damages, interest, costs, reasonable attorneys fees and such

further relief as is just and proper.

## COUNT II
## VIOLATION OF M.G.L. c. 12 §11I
## HYLAND, DONAHUE, CELIA, MAKER, LOFSTROM, DRANE AND DUBE

84.     Plaintiffs hereby reassert all allegations of Paragraphs 1-83 above as if fully set

forth again herein.

85.     As more fully set forth above, Defendants Hyland, Donahue, Celia, Maker

Lofstrom, Drane and Dube by threats, intimidation and/or coercion have interfered with

Henriqueta, Manuel, and Angela's exercise or enjoyment of rights secured by the constitution or

laws of the United States, or of rights secured by the constitution or laws of the Commonwealth

of Massachusetts, including but not limited to rights secured by Article XXVI of Massachusetts

Declaration of Rights, M.G.L. c. 265 §22, Massachusetts common law, the Fourth, Fifth, and

Eighth Amendments to the United States Constitution, and 42 U.S.C. 1983, all in violation of

M.G. L. c. 12 §11I.

86.     Defendants' violations of M.G.L. c. 12 §11I as more fully set forth above were the proximate cause of severe damage to Henriqueta, Manuel, and Angela including bodily injury, extreme mental anguish, emotional harm and humiliation with physical manifestations, lost earning capacity, extreme anxiety and the loss of rights secured to them by the aforementioned state and federal constitutions and laws.

WHEREFORE, Henriqueta, Manuel and Angela demand judgment against Defendants Hyland, Donahue, Celia, Maker, Lofstrom, Drane and Dube jointly and severally in an amount sufficient to compensate them adequately and fairly for their damages as set forth above, together with punitive or exemplary damages, interest, costs, reasonable attorneys fees and such further relief as is just and proper.

## COUNT III
## VIOLATION OF 42 U.S.C. §1983- JOHNSON

87.     Plaintiffs hereby reassert all allegations of Paragraphs 1-86 above as if fully set forth again herein.

88.     In his capacity as a police officer for the BPD and while acting under color of state law, Johnson acted with excessive use of force, and with intentional, reckless, callous and deliberate indifference to well-known, basic human and legal rights of the plaintiff, Maria Barbosa. At the Brockton Police Station, Johnson without provocation harassed and assaulted Maria using degrading racial epithets, and then proceeded to beat Maria violently for no reason, while she was restrained and unable to move. Therefore, Maria was deprived her rights, privileges and immunities secured by Article XXVI of the Massachusetts Declaration of Rights, M.G. c. 265 §22, Massachusetts common law and the Fourth, Fifth and Eighth Amendments to the United States of Constitution, all in violation of 42 U.S.C. §1983.

89.     Defendant Johnson's violation of 42 U.S.C. §1983 as more fully set forth above was the proximate cause of severe damage to Maria including bodily injury, extreme mental anguish, emotional harm and humiliation with physical manifestations, extreme anxiety and the loss of rights secured to her by the aforementioned state and federal constitutions and laws.

WHEREFORE, Plaintiff Maria Barbosa demands judgment against Defendant Johnson in an amount sufficient to compensate her adequately and fairly for her damages as set forth above, together with punitive or exemplary damages, interest, costs, reasonable attorneys fees and such further relief as is just and proper.

## COUNT IV
## VIOLATION OF M.G.L. c. 12 §11I- JOHNSON

90.     Plaintiffs hereby reassert all allegations of Paragraphs 1-89 above as if fully set forth again herein.

91.     As more fully set forth above, Defendant Johnson by threats, intimidation and/or coercion has interfered with Maria's exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the Commonwealth of Massachusetts, including but not limited to rights secured by Article XXVI of Massachusetts Declaration of Rights, M.G.L. c. 265 §22, Massachusetts common law, the Fourth, Fifth, and Eighth Amendments to the United States Constitution, and 42 U.S.C. 1983, all in violation of M. G. L. c. 12 §11I.

92.     Defendant's violations of M.G.L. c. 12 §11I as more fully set forth above were the proximate cause of severe damage to Maria including bodily injury, lost earning capacity, extreme mental anguish, emotional harm and humiliation with physical manifestations, extreme anxiety and the loss of rights secured to her by the aforementioned state and federal constitutions and laws.

WHEREFORE, Plaintiff Maria Barbosa demands judgment against Defendant Johnson in an amount sufficient to compensate her adequately and fairly for her damages as set forth above, together with punitive or exemplary damages, interest, costs, reasonable attorneys fees and such further relief as is just and proper.

## COUNT V
## VIOLATION OF 42 U.S.C. §1983-
## BAEZ, GIARDINI, CELIA, GOMES, AND MCCABE

93.     Plaintiffs hereby reassert all allegations of Paragraphs 1-92 above as if fully set forth again herein.

94.     In their capacities as police officers for the BPD and while acting under color of state law, defendants Baez, and/or Giardini, and/or Celia, and/or Gomes, and/or McCabe without provocation harassed and verbally assaulted Maria, Henriqueta and Angela and with intentional, reckless, callous and deliberate indifference to well-known, basic human and legal rights of the three women while in police custody at the Brockton Police Station. Baez, Giardini, Celia, Gomes, and McCabe falsely imprisoned them and continuously berated them with racial epithets, and refused to provide them with needed medical assistance. Therefore, Maria, Henriqueta, and Angela were deprived of their rights, privileges and immunities secured by Article XXVI of the Massachusetts Declaration of Rights, M.G. c. 265 §22, Massachusetts common law and the Fourth, Fifth and Eighth Amendments to the United States of Constitution, all in violation of 42 U.S.C. §1983.

95.     Defendants' violations of 42 U.S.C. §1983 as more fully set forth above were the proximate cause of severe damage to plaintiffs including bodily injury, extreme mental anguish, emotional harm and humiliation with physical manifestations, extreme anxiety and the loss of rights secured to them by the aforementioned state and federal constitutions and laws.

WHEREFORE, Maria, Henriqueta, and Angela demand judgment against Defendants Baez, Giardini, Celia, Gomes, and McCabe jointly and severally in an amount sufficient to compensate them adequately and fairly for their damages as set forth above, together with punitive or exemplary damages, interest, costs, reasonable attorneys fees and such further relief as is just and proper.

### COUNT VI
### VIOLATION OF M.G.L. c. 12 §11I
### BAEZ, GIARDINI, CELIA, GOMES, AND MCCABE

96.     Plaintiffs hereby reassert all allegations of Paragraphs 1-95 above as if fully set forth again herein.

97.     As more fully set forth above, Defendants Baez, and/or Giardini, and/or Celia, and/or Gomes, and/or McCabe by threats, intimidation and/or coercion have interfered with Maria, Henriqueta and Angela's exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the Commonwealth of Massachusetts, including but not limited to rights secured by Article XXVI of Massachusetts Declaration of Rights, M.G.L. c. 265 §22, Massachusetts common law, the Fourth, Fifth, and Eighth Amendments to the United States Constitution, and 42 U.S.C. 1983, all in violation of M. G. L. c. 12 §11I.

98.     Defendants' violations of M.G.L. c. 12 §11I as more fully set forth above were the proximate cause of severe damage to Maria, Henriqueta and Angela including bodily injury, extreme mental anguish, emotional harm and humiliation with physical manifestations, extreme anxiety and the loss of rights secured to them by the aforementioned state and federal constitutions and laws.

WHEREFORE, Maria, Henriqueta and Angela demand judgment against Defendants Baez, Giardini, Celia, Gomes, and McCabe jointly and severally in an amount sufficient to

compensate them adequately and fairly for their damages as set forth above, together with punitive or exemplary damages, interest, costs, reasonable attorneys fees and such further relief as is just and proper.

**COUNT VII**
**WARRANTLESS SEARCH-**
**HYLAND, DONAHUE, CELIA, MAKER, LOFSTROM, DRANE AND DUBE**

99.     Plaintiffs hereby reassert all allegations of Paragraphs 1- 98 above as if fully set forth again herein.

100.    The Fourth Amendment to the United States Constitution provides that no person shall be subjected to a warrantless search of her residence except under exigent circumstances, that is, emergency circumstances requiring immediate action and with probable cause. Probable cause exists if the facts known to the defendant(s) are sufficient to warrant a reasonable police officer to believe that the plaintiff(s) have committed or are committing a crime.

101.    Defendants Hyland, Donahue, Celia, Maker, Lofstrom, Drane and Dube entered the private residence of Manuel and Henriqueta Barbosa without announcing their presence, without consent of the homeowners, without a warrant, and without the existence of any exigent circumstances that would warrant immediate action.

102.    An officer has the authority to enter a home without a warrant to make an arrest for a misdemeanor involving an ongoing breach of the peace; however, a minor noise violation regarding the playing of loud music does not amount to a breach of the peace.[1]

103.    Further, Hyland, Donahue, Celia, Maker, Lofstrom, Drane and Dube could have easily posted watch on the entrances to the home, until a warrant was obtained, as there was no concern regarding the destruction of evidence.

---

[1] Commonwealth v. Kiser, 48 Mass. App. Ct. 647, 651 (2000).

WHEREFORE, Henriqueta, Manuel, and Angela demand judgment against Defendants Hyland, Donahue, Celia, Maker, Lofstrom, Drane and Dube jointly and severally in an amount sufficient to compensate them adequately and fairly for their damages as set forth above, together with punitive or exemplary damages, interest, costs, reasonable attorneys fees and such further relief as is just and proper.

## COUNT VIII
## FALSE ARREST-
## HYLAND, DONAHUE, CELIA, MAKER LOFSTROM, DRANE AND DUBE

104.    Plaintiffs hereby reassert all allegations of Paragraph 1-103 above as if fully set forth again herein.

105.    The defendants Hyland, Donahue, Celia, Maker, Lofstrom, Drane and Dube responded to a report of a minor noise violation and despite the Barbosa families' compliance with defendants' demands and without consent or privilege, the defendants falsely arrested Henriqueta and Angela. At the moment the women were arrested, the facts and circumstances known to the defendants were insufficient to warrant a person of reasonable caution to believe that Henriqueta and Angela had committed or were committing a crime.

WHEREFORE, Henriqueta and Angela demand judgment against Defendants Hyland, Donahue, Celia, Maker, Lofstrom, Drane and Dube jointly and severally in an amount to be proven at trial, together with applicable interest and costs, and all such further relief as is just.

## COUNT IX
## FALSE ARREST-
## JOHNSON, BAEZ, GIARDINI, CELIA, GOMES, AND MCCABE

106.     Plaintiffs hereby reassert all allegations of Paragraph 1- 105 above as if fully set forth again herein.

107.     Maria arrived at the Brockton Police Station to retrieve her sister and mother. As it was late in the evening, she chose to wait in the lobby, a public area, until her family members were released. This was met with unwarranted name calling, hostility and violence. Officers Johnson, Baez, Giardini, Celia, Gomes, and McCabe falsely arrested plaintiff Maria Barbosa without consent or privilege, as she had not committed nor was committing any crime at the time of her arrest.

WHEREFORE, Maria demands judgment against Defendants Johnson, Baez, Giardini, Celia, Gomes, and McCabe jointly and severally in an amount to be proven at trial, together with applicable interest and costs, and all such further relief as is just.

## COUNT X
## ASSAULT-
## HYLAND, DONAHUE, CELIA, MAKER, LOFSTROM, DRANE AND DUBE

108.     Plaintiffs hereby reassert all allegations of Paragraph 1- 107 above as if fully set forth again herein.

109.     Defendants  Hyland, Donahue, Celia, Maker, Lofstrom, Drane and Dube's aggressive physical demeanor and verbal attack on Henriqueta and Angela as described herein, intentionally created an apprehension of immediate physical harm for no known purpose other than to create apprehension of immediate physical harm. Any reasonable person would also become apprehensive in the face of defendants' verbal berating and threatening manner.

110.     As a direct and proximate result of the conduct of Hyland, Donahue, Celia, Maker, Lofstrom, Drane and Dube, Henriqueta and Angela were intimidated and put in continuing anxiety and have suffered damages including but not limited to those aforesaid.

WHEREFORE, Henriqueta and Angela demand judgment against Defendants Hyland, Donahue, Celia, Maker, Lofstrom, Drane and Dube jointly and severally in an amount to be proven at trial, together with applicable interest and costs, and all such further relief as is just.

## COUNT XI
## ASSAULT- JOHNSON

111.     Plaintiffs hereby reassert all allegations of Paragraph 1- 110 above as if fully set forth again herein.

112.     Johnson intentionally created an apprehension of immediate physical harm in Maria by using threatening and intimidating language, pushing and throwing punches at her as described herein, for no known purpose other than to create apprehension of immediate physical harm. Any reasonable person would also become apprehensive in the face of Johnson's threatening conduct.

113.     As a result of Johnson's assault against Maria, she was intimidated and put in continuing anxiety, and has suffered damages to be proven at trial.

WHEREFORE, Maria demands judgment against Johnson in an amount to be proven at trial, together with applicable interest and costs, and all such further relief as is just.

## COUNT XII
## BATTERY- HYLAND

114.     Plaintiffs hereby reassert all allegations of Paragraph 1- 113 above as if fully set forth again herein.

115.     Without the consent of Plaintiff Henriqueta Barbosa, Defendant Hyland and others to be proven at trial intentionally, harmfully, and offensively touched Henriqueta by forcibly slamming her into a wooden closet door, carrying her and dropping her onto a porch, causing her to suffer injuries as aforesaid.

WHEREFORE, Henriqueta demands judgment against Hyland in an amount to be proven at trial, together with applicable interest and costs, and all such further relief as is just.

## COUNT XIII
## BATTERY- DRANE

116.     Plaintiffs hereby reassert all allegations of Paragraph 1- 115 above as if fully set forth again herein.

117.     Without the consent of Plaintiff Angela Barbosa, Defendant Drane and others to be proven at trial intentionally, harmfully, and offensively touched Angela by pulling her to the ground and dragging by her hair with such force that her hair fell out, with the knowledge that Angela had recently delivered a child by caesarean section, and caused her to suffer such further injuries to be proven at trial.

WHEREFORE, Angela demands judgment against Drane in an amount to be proven at trial, together with applicable interest and costs, and all such further relief as is just.

## COUNT XIV
## BATTERY- JOHNSON

118.     Plaintiffs hereby reassert all allegations of Paragraph 1- 117 above as if fully set forth again herein.

119.     Without the consent of Maria Barbosa, Defendant Johnson intentionally, harmfully, and offensively touched Maria by repeatedly pushing her, slamming her to the ground from behind, hitting her face on a metal bench and by striking her repeatedly in the face and upper body and causing her to suffer the injuries described herein.

WHEREFORE, Maria demands judgment against Johnson in an amount to be proven at trial, together with applicable interest and costs, and all such further relief as is just.

## COUNT XVII:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

120.     Plaintiffs hereby reassert all allegations of Paragraph 1- 119 above as if fully set forth again herein.

121.     All named defendants intentionally and deliberately inflicted emotional distress on Plaintiffs Maria, Henriqueta, Manuel and Angela Barbosa by violating their constitutional rights, by interfering with Plaintiffs' state civil rights by threats, coercion, and/or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

122.     Defendants' actions stated herein reflect their intention to inflict emotional distress and/or should have known that emotional distress was the likely result of their conduct.

123.     Defendants' conduct was extreme and outrageous and beyond all possible bounds of decency, and is utterly intolerable in a civilized community and were the direct cause of the plaintiffs' severe distress that no reasonable man could be expected to endure.

WHEREFORE, plaintiffs Maria, Henriqueta, Manuel, and Angela demand judgment against defendants in an amount to be proven at trial sufficient to compensate them for all of their damages, plus interest, costs, and such further relief as is deemed just and proper.

A JURY TRIAL IS HEREBY DEMANDED ON ALL COUNTS AND ISSUE SO TRIABLE.


                                                            Respectfully submitted,
Plaintiffs
Maria Barbosa, Henriqueta Barbosa, Manuel Barbosa and Angela Barbosa,
By their attorney,

/s/ Charles P. Kazarian

Dated: February 2, 2012                                _____
Charles P. Kazarian
Law Office of Charles P. Kazarian, Esq.
160 State Street, Sixth Floor
Boston, MA 02109
(617)723-6676
BBO # 262660
cpk@kazarianlaw.com


**CERTIFICATE OF SERVICE**

I, Charles Kazarian, hereby certify that on this 10th day of February, 2012, I caused a copy of the foregoing document by causing a copy to be sent electronically to the registered participants in this case through the ECF system.

/s/ Charles P. Kazarian

_____
Charles P. Kazarian