UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIA BARBOSA, HENRIQUETA BARBOSA, MANUEL BARBOSA, and ANGELA BARBOSA, <br><br> Plaintiffs, <br> v. <br> THOMAS HYLAND, JESSE DRANE, BRIAN DONAHUE, STEVEN JOHNSON, FRANK BAEZ, EMANUEL GOMES, and LEON McCABE, <br><br> Defendants. | CIVIL ACTION <br> NO. 11-11997-JGD |

**MEMORANDUM OF DECISION AND ORDER ON
DEFENDANTS' MOTION FOR A NEW TRIAL**

April 28, 2014

DEIN, U.S.M.J.

## I. INTRODUCTION

This action arises out of an altercation between the plaintiffs and various Brockton police officers on November 15, 2008 at the plaintiffs' home. A jury-waived trial was held before this court on July 15, 16, 17 and 18, 2013, and this court issued extensive Findings of Fact and Rulings of Law on December 2, 2013, ruling in favor of the plaintiffs on most of their claims and awarding them monetary damages. (Docket No. 98, hereinafter "Findings").

This matter is presently before the court on the defendants' motion for a new trial, brought pursuant to Fed. R. Civ. P. 59(a)(1)(B) and 59(a)(2). Fundamentally, the defen-

dants challenge this court's credibility assessments and argue that the court erred in believing the plaintiffs' versions of events. After careful consideration of the written and oral arguments of the parties, this court concludes that the defendants have not established any significant errors of law or fact, and have not convinced this court that its judgment is against the weight of the evidence or otherwise in error. Therefore, the motion for a new trial is DENIED.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 59(a)(1)(B), after a nonjury trial, the court may grant a new trial on all or some of the issues "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Pursuant to Rule 59(a)(2), after a nonjury trial the court may "take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment." The decision whether to grant a new trial lies within the discretion of the trial court. See Goulet v. New Penn Motor Express, Inc., 512 F.3d 34, 44 (1st Cir. 2008) ("We review the district court's denial of a motion for new trial for abuse of discretion only."). As a general statement, however, "a district court may order a new trial under Federal Rule of Civil Procedure 59(a) 'only if the verdict is against the law, against the weight of the credible evidence, or tantamount to a miscarriage of justice.'" Crowe v. Marchand, 506 F.3d 13, 19 (1st Cir. 2007) (quoting Casillas-Diaz v. Palau, 463 F.3d 77, 81 (1st Cir. 2006)). Thus, in a nonjury case, a motion for a new trial "should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substan-

tial reasons." 11A Charles A. Wright et al., Federal Practice & Procedure § 2804, at 68 (2012). After careful consideration of the defendants' objections, this court concludes that there is no basis to set aside the detailed findings and rulings previously issued by this court.

### III. ANALYSIS

#### A. Findings of Fact

The defendants challenge various findings of fact made by this court. (See Defs. Mem. (Docket No. 113) at 4-17). In this court's view, many of the challenges raise insignificant objections. While all the objections have been considered, this court declines to engage in a detailed analysis of all of them, and will focus, instead, on the major points raised. The court continues to rely on its previous Findings and Rulings.

1. A Call for Backup? The defendants challenge this court's supposition that Officer Hyland may have called for backup even before he entered the house, given the timing of events. (Id. at 5). As this court's Findings make clear, however, this court did not rely on this possibility in determining that the warrantless entry into the home was unlawful. There is no reason to modify the court's prior decision on this basis.

2. Application of Community Caretaking Doctrine. The defendants spend a considerable amount of time arguing that this court should make additional factual findings to the effect that they were justified in entering the home in order to insure the safety of the children in the home. This court continues to reject this testimony as not being credible, and stands by the detailed analysis of the facts and the law in its Findings.

In the recent decision of MacDonald v. Town of Eastham, 745 F.3d 8 (1st Cir. 2014),[1] the First Circuit concluded "that the scope and boundaries of the community caretaking exception are nebulous." Id. at 14. Nevertheless, the Court recognized that the existence of the doctrine did not give *carte blanche* to the police to enter into homes under any circumstance. Rather, the appropriate inquiry is still "whether, at the time of the incident, there were either controlling cases or a consensus of persuasive authorities such that reasonable police officers could not have thought that their actions were lawful." Id. This is such a case. As this court previously detailed, this court rejects the testimony that concern for the welfare of the children inside the house was in any way a factor in the defendants' decision to enter the home. The police here made a warrantless entry, without attempting to engage the occupants of the home, for the sole purpose of turning down the music. It was well-established at the time of this incident that this constituted a violation of the home owners' Fourth Amendment rights. See, e.g., Commonwealth v. Kiser, 48 Mass. App. Ct. 647, 651, 724 N.E.2d 348, 352 (2000). As previously detailed, this court finds that the community caretaking doctrine has no factual or legal application to the instant case.

    3.    The Effect of Pleading to Sufficient Facts. The defendants contend that this court must find, as a matter of fact, that Henriqueta threw the strainer at Officer Hyland,

---

[1] This court discussed the District Judge's decision in Macdonald v. Town of Eastham, 946 F. Supp. 2d 235 (D. Mass. 2013), in its Findings. The same analysis applies to the First Circuit decision, which affirmed Judge Stearns' decision.

that Angela threw her phone at Officer Hyland, and that they both resisted arrest, because these allegations were disclosed at the District Court criminal proceedings at which the plaintiffs admitted to sufficient facts. Further, according to the defendants, if this court accepts these facts as true, this court must conclude that the defendants acted reasonably and did not use excessive force. This court finds these arguments unpersuasive.

To the extent that the record is unclear, this court does find that the police reports were read aloud at the plea hearings in Brockton District Court. Therefore, the assertions in the police reports that the plaintiffs threw items and resisted arrest were part of the plea colloquy. Nevertheless, as detailed in this court's Findings, this court does not believe that, as a matter of law, these "facts" are binding on this court in connection with assessing whether excessive force was used in arresting the plaintiffs. Rather, as a matter of "fact," this court finds not only that they did not throw items at the police, but also that the plaintiffs did not care whether they were charged with throwing things or with resisting arrest — they were prepared to admit to sufficient facts to end the expensive criminal proceedings since the charges were going to be dismissed.

In any event, and most significantly, as this court previously found, even assuming the facts as alleged by the police, this court continues to find that the police used excessive force in connection with the arrest of these two women. The fact that the police may have had probable cause for the arrest did not authorize them to use excessive force in connection with the arrest. See Campos v. City of Merced, 709 F. Supp. 2d 944, 961 (E.D. Cal. 2010) (while conviction precludes a defendant from challenging whether

5

arrest was made with probable cause, "it will not preclude him from arguing that the police used excessive force" because a claim of excessive force does not "impugn the underlying conviction"). See also Sholley v. Town of Holliston, 49 F. Supp. 2d 14, 18-19 (D. Mass. 1999) (conviction precludes a claim of false arrest). Similarly, viewing the totality of the circumstances presented, this court continues to find that the amount of force used in arresting Henriqueta, who had previously been cooperative with the police, and Angela, who had just gotten out of the hospital, was excessive. Therefore, this court finds no basis to modify its Findings.

    4.    The Missing Video. The defendants contend that this court erred in drawing an adverse inference from the destruction of the video relating to Maria's arrest because the individual who lost the tape was disciplined for not preserving the tape. This court does not find this argument persuasive. For the reasons detailed in the Findings, this court concludes that an adverse inference should be drawn. As an initial matter, the destruction of the tape violated fundamental principles of an investigation. Moreover, in light of the numerous unsupportable charges brought against the members of the Barbosa family, this court concludes that the police officers' own actions undermine the defendants' contention that the tape was destroyed accidently or for an innocent reason. Maria was forced to defend herself without a tape that could have easily resolved the factual dispute. The fact that the individual who was responsible for the tape may have been disciplined does not alter the equation.

5. <u>The Typographical Error in the Hospital Records.</u> The defendants take exception to this court's conclusion that references in Maria's medical records to an altercation in May 2008 was a typographical error, and that the reference was intended to be to the altercation with the Brockton Police in November 2008. For the reasons detailed in the Findings, this court continues to believe that this is the only logical reading of the records.

**B.    Rulings of Law**

1. <u>Warrantless Entry.</u> The defendants continue to argue that their warrantless entry into the plaintiffs' home is protected either under the Sixth Circuit decision of <u>United States v. Rohrig</u>, 98 F.3d 1506 (6th Cir. 1996), or the community caretaking doctrine as described in <u>MacDonald v. Town of Eastham</u>. These decisions are discussed extensively in this court's Findings. This court continues to find them factually and legally inapplicable to the instant case.

2. <u>Damages for Warrantless Entry.</u> The defendants challenge "the damage award of $25,000 to Henriqueta and Manuel Barbosa for the finding of a warrantless entry into the home," arguing that they are only entitled to nominal damages. This court disagrees. As an initial matter, Manuel was awarded $7,500 for the warrantless entry, not $25,000. Moreover, the defendants' contention that Manuel did not even know if the officers' had entered without consent, since he was sleeping at the time of entry, is not persuasive. Manuel tried to engage the police and requested an explanation for their presence, but he was ignored. He witnessed his wife being pushed during the arrest of

Andrade, and then forcibly arrested. Witnessing the melee with the police, it would be logical for Manuel to understand that the police were there without permission. Even more fundamentally, however, the police <u>were</u> there unlawfully. None of the injuries the plaintiffs sustained would have been incurred if the police had not entered unlawfully. The damages Mr. and Mrs. Barbosa suffered were a direct result of the violation of their Fourth Amendment rights.

In addition, this court finds that the emotional distress the plaintiffs suffered as a result of the home invasion by the police justifies the monetary award.

> The Supreme Court has held that a plaintiff must prove actual injury as a prerequisite to the recovery of damages in a § 1983 claim. "[D]amages are available under [§ 1983] for actions 'found ... to have been violative of ... constitutional rights *and to have caused compensable injury*....'" *Carey v. Piphus,* 435 U.S. 247, 255, 98 S.Ct. 1042, 1048, 55 L.Ed.2d 252 (1978), quoting *Wood v. Strickland,* 420 U.S. 308, 319, 95 S.Ct. 992, 999, 43 L.Ed.2d 214 (1975) (emphasis in original). The Supreme Court has defined compensable injury to include "not only out-of-pocket loss and other monetary harms, but also such injuries as 'impairment of reputation ..., personal humiliation, and mental anguish and suffering.'" *Memphis Community School Dist. v. Stachura,* 477 U.S. 299, 106 S.Ct. 2537, 2543, 91 L.Ed.2d 249 (1986), quoting *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 350, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789 (1974). This requirement that damages be shown is in accord with the basic purpose of § 1983 which is to "compensate persons for injuries that are caused by the deprivation of constitutional rights." *Carey v. Piphus, supra,* 435 U.S. at 254, 98 S.Ct. at 1047.

<u>Tyree v. Keane</u>, 400 Mass. 1, 10, 507 N.E.2d 742, 747-48 (1987).

In the instant case, as this court has previously explained, there was ample evidence of the "personal humiliation and mental anguish and suffering" that Manuel and

8

Henriqueta suffered as a result of the defendants' unconstitutional actions in entering their home without a warrant. Henriqueta, having observed the unlawful behavior over a more extended period of time, and having personally cooperated with the police only to have them disregard her constitutional rights and evict her guests, is entitled to a larger award. Having considered the defendants' arguments, this court sees no reason to modify the amount of damages it awarded.

      3.    <u>Excessive Force.</u>  Finally, the defendants argue that Henriqueta and Angela are precluded from claiming excessive force since they pleaded to sufficient facts on the assault and battery and resisting arrest charges brought against them. As detailed above, this court rejects this argument. While the plaintiffs' decision to plead to sufficient facts precluded any claim of false arrest, it does not bar their claim of excessive force as a matter of law. Moreover, the fact that there may have been probable cause for their arrest did not authorize the police to use excessive force. For the reasons detailed in the Findings and above, this court concludes that the force used was excessive.

## IV. **CONCLUSION**

For all the reasons detailed herein and in this court's Findings of Fact and Rulings of Law, the defendants' motion for a new trial is DENIED.

                                            <u>/ s / Judith Gail Dein</u>
                                            Judith Gail Dein
                                            U.S. Magistrate Judge